# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4324 | **DATE** | 6/25/2002 |
| **CASE TITLE** | Kemo Whirl vs. Deputy Dave Lyons, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Whirl is granted leave to proceed without prepayment of the filing fee. (3-1) Accordingly Whirl is assessed an initial partial filing fee of $3.13 and the Jail trust fund officer is ordered to collect that amount from Whirl's trust fund account and pay it directly to the Clerk. Monthly payments shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $150 is paid. Both the Complaint and this action are dismissed. And the dismissal here constitutes a "strike" for purposes of Section 1915(g).
(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | JUN 2 6 2002 | 5 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 6/25/2002 | |
| SN | courtroom deputy's initials | date mailed notice SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KEMO D. WHIRL, )
 )
        Plaintiff, )
 )
v. ) No. 02 C 4324
 )
DEPUTY DAVE LYONS, et al., )
 )
        Defendants. )

MEMORANDUM OPINION AND ORDER

Kemo Whirl ("Whirl") has submitted a self-prepared 42 U.S.C. §1983 ("Section 1983") Complaint against three defendants--Deputy Dave Lyons ("Lyons"), who is in charge of the law library at the DuPage County Jail (the "Jail," where Whirl has been in custody throughout the period at issue), and Assistant Public Defenders Steve Dalton ("Dalton") and Teresa Rioux ("Rioux")--on the form provided by the Clerk's Office for that purpose. As called for by 28 U.S.C. §1915 ("Section 1915"), Whirl has also accompanied his Complaint with a filled-out form of Application To Proceed Without Prepayment of Fees ("Application") and the Jail printout of transactions in Whirl's trust account there for more than the six month period preceding his filing.

Two matters should be addressed at the outset, before turning to Whirl's substantive claim:

    1. whether or not he has exhausted his administrative remedies as required under 42 U.S.C. §1997e(a)("Section 1997e(a)) and

2. whether he is entitled to proceed without full
   prepayment of his filing fee.
This opinion first turns to those questions.

   As for the exhaustion requirement, which would apply as to Whirl's grievance against Lyons (and not against Dalton or Rioux), the Complaint's assertions are not entirely clear. Complaint ¶III.C recites that Whirl has "filed numerous grievances, and spoke with Grievance Officer Marty Manion." Assertedly all that then happened was that the grievance officer said "I'll look into it" on more than one occasion, but without actually doing anything. Even though claimed futility does not excuse the Section 1997e(a) exhaustion requirement, this Court will give Whirl the benefit of the doubt on that score.

   As to Whirl's trust fund account, the certifying officer at the Jail has said that Whirl's average balance on deposit during the six month period preceding suit was $10. But this Court's review of the account deposits reveals a monthly average of $15.67 for that period, so that Whirl's obligation is to pay the entire $150 filing fee in installments, with the required initial payment being $3.13 (see Section 1915(b)(1)(A)). Accordingly, Whirl is assessed such an initial partial filing fee of $3.13, and the Jail trust fund officer is ordered to collect that amount from Whirl's trust fund account there and to pay it directly to the Clerk of this District Court ("Clerk").

After such payment, the trust fund officer at the Jail or any other correctional facility where Whirl is confined is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $150 filing fee is paid. Both the initial payment and all future payments shall be sent to the Clerk, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attention: Fiscal Department, and shall clearly identify Whirl's name and the 02 C 4324 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the Jail trust fund officer.

Now to Whirl's substantive claims. As against Lyons, Whirl complains that he is not doing enough to assist Whirl in his use of the Jail's law library--instead, Complaint ¶V says that "other inmates who know how to research cases" provide Whirl with more help. And as to Dalton and Rioux, who are serving as Whirl's appointed counsel, he expresses himself as extremely unhappy with the nature of their representation. To assuage his stated grievances, Whirl asserts a modest demand for a $3.3 million damage award against each defendant, as well as asking for the conduct of an investigation and an administrative reprimand

against defendants.

Whirl's claim against the Assistant Public Defenders Dalton and Rioux will be addressed first, because it can be dispatched in just two sentences. It has been firmly established for a quarter century that such appointed defense counsel cannot be sued under Section 1983 because they are not "state actors" and hence do not act "under color of law" within the meaning of that statute (Polk County v. Dodson, 454 U.S. 312 (1981)). Accordingly Whirl's federal claim against both those defendants must be dismissed summarily, and this Court so orders.

By contrast, Whirl's right of access to the courts (which might perhaps have served as the basis for a suit against Lyons) does have a constitutional basis--see Bounds v. Smith, 430 U.S. 417 (1977)). But that surface possibility does not withstand analysis, for Bounds, id. at 825 made it clear that "prison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts'" (Lewis v. Casey, 518 U.S. 343, 351 (1996)).

Nothing of that nature is at issue here as Whirl has framed his Complaint--instead it appears that his concern is with the handling of his criminal defense, for which purpose he has been provided appointed counsel. And that being so, the Bounds-Lewis

4

entitlement is not at issue: Although Faretta v. California, 422 U.S. 806 (1975) and its progeny have confirmed a criminal defendant's constitutional right of self-representation, that right is not implicated when the defendant has a lawyer--it is universally held that defendants may choose between those alternatives, but they may not exercise both alternatives simultaneously in hybrid fashion (see, e.g., United States v. Kosmel, 272 F.3d 501, 506 (7th Cir. 2001) and cases cited there).

Finally, even if the Bounds-Lewis entitlement to access to the courts were involved in Whirl's case, he would still strike out because he has failed "to go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim" (Lewis, 518 U.S. at 351). Whirl's allegations do not even come close to suggesting the kind of actual injury in that respect that is required by Lewis, id. at 351-52 or by such cases following Lewis as May v. Sheahan, 226 F.3d 876 (7th Cir. 2000).

In sum, nothing even approaching the necessary contention against Lyons has been posed by Whirl here, even with the benefit of the generous reading afforded to filings by pro se litigants (Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)) and with the type of reasonable inferences counseled by such cases as Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Thus the claim against Lyons also fails at the threshold.

Hence both the Complaint and this action are dismissed. That does not however excuse Whirl's obligation to pay the $150 filing fee in installments in the manner ordered earlier. Finally, the dismissal here constitutes a "strike" for purposes of Section 1915(g).

                                                    Milton I. Shadur
                                                    Senior United States District Judge

Date: June 25, 2002

6